BARNES and others *vs.* GREENZEBACH and others。

A testator directed the remainder of his personal estate to be divided into six equal parts, and bequeathed it as follows: to his step-daughter M. one share; to his daughter S. one share ; to the children of his daughter E. one share ; to the children of his daughter M. one share ; to the children of his daughter B, one share, and to the children of his son J. one share. But if his said children or his said step-daughter should die without issue, the share of the party dying was to be equally divided between the survivors of his children or grand-children. The daughter B. died without issue. The step-daughter

1831.

BARNES
*v.*
GREENZE-
BACH.

M. married and died leaving issue. The question was, whether they had a right to any part of B's share: *Held*, that they had not.

The legal signification of issue, children, or grand-children, and every word of the like species, when used in a will as descriptive of persons who are to take as devisees or legatees, applies to those only who are of the blood of the testator or person named as the parent, and does not comprehend those who may have acquired the name or character of children by marriage.

They are *prima facie* excluded; but this rule gives way where there is a clear intention to the contrary: for the intent will govern and control the legal operation of words.

July 7,
1831.

*Will.*
*Construction.*

THIS cause came before the court upon the construction which a master had given to the will of Casper Samler, deceased, in relation to the share of a deceased daughter. He had reported upon the point in favor of the children which the defendant, John N. Greenzebach, had had by the deceased's step-daughter. An exception was taken to this report.

A sufficient statement of the facts of the case and outline of the clauses of the will which bear upon the point, are to be found in the opinion of the court.

Mr. *D. B. Ogden,* for the complainant and several of the defendants.

Mr. *James Smith* for the children of John N. Greenzebach.

*Ag'ust 1.*

THE VICE-CHANCELLOR. It appears in this case, that Casper Samler by his will, bearing date the 11th day of April, 1809, (after various devises and bequests) directs the remainder of his personal estate to be divided into six equal shares; which he gives as follows: to his step-daughter Margaret one share; to his daughter Susannah one share; to the children of his daughter Elizabeth one share; to the children of his daughter Mary one share; to the children of his daughter Barbara one share, and to the children of his son John one share. He then directs the manner in which the four shares given to his grand-children shall be invested; orders the interest to be paid to their respective parents during life, and the principal of each share, upon their respective deaths, to be divided among the children of such deceased parent as soon as the youngest child should ar-

give at lawful age. The testator then says: "And it is my "further will, that in case of the death of any of my said children, "or my said step-daughter, without lawful issue, that then the "share or portion of my estate, which, by this my will, would "have gone to such issue, be divided equally among the survivors "of my children or grand-children, in the same proportion as is "hereinbefore mentioned." The pleadings show the death of Barbara, in the year 1816, without issue, after the decease of her father. Margaret, the step-daughter, (being the daughter of the testator's wife by a former husband) intermarried with John N. Greenzebach, by whom she had several children. They are living, but she is dead. They now claim to be entitled to part of Barbara's share, which, upon her decease without issue, devolved upon the survivors of the testator's children or grand-children. The master, in taking an account of the estate, has allowed to the step-daughter a proportion of the share of the estate, as one of the survivors. An exception has been taken to the master's report in that particular, upon the ground, that as the step-daughter or her children are not of the blood of the testator, they cannot be entitled, according to the true construction of the will, to come in for any portion of the estate given over upon the death of Barbara without issue.

The question therefore is upon the construction of the will: namely, whether the step-daughter is entitled or not. In the first place. it may be observed, that the legal signification and meaning of the term issue, children, or grand-children, and every word of the like kind, when used in a will as descriptive of persons who are to take as devisees or legatees, applies to those only who are of the blood of the testator or person named as the parent, and does not comprehend those who may have acquired the name or character of children by marriage. Thus, in *Hussey* v. *Berkley*, 2 *Eden's R.* 194, and *S. C.* under the name of *Hussey* v. *Dillon*, *Ambl.* 603, it was one of the points raised by the counsel, and decided by the court, that the widow of a grand-son was not comprehended in the devise to children and grand-children of the testatrix, being only a grand-child by marriage, and not one of the grand-children by blood. *Prima facie*, therefore, and as a general rule, persons standing

in that relative position, and who have only acquired the title of son or daughter, child or grand-child, by or in consequence of marriage, are excluded from the class of persons who are to take by the general description of children or grand-children. This rule, however, must give way where there is a clear or manifest intention to the contrary expressed in the will, for the intent will govern and control the legal operation of words.

This brings me to an examination of some of the sections and clauses of the will in question, in order to see whether there is any thing which can show that the testator intended to include the step-daughter Margaret in the bequest over to the survivors of the testator's children? or, whether the same can be made out by a necessary implication arising from the different provisions of the will? It will be perceived, from a perusal of it, that wherever the testator speaks of Margaret, he calls her his " step-daughter," and distinguishes her by that appellation from his own children. In one clause of the will, however, where he devises his farm to his grand-children, he evidently includes her children under the general head. Thus he says, " I give to my grand-children and their heirs for ever, my said " farm as follows, to wit: to the children of my step-daughter " Margaret, the wife of John N. Greenzebach, lot No. 1; to the " children of my daughter Susannah, lot No. 3;" and so on, with the rest. Here, there is no difficulty as to the *designatio personæ*, because Margaret's children are expressly mentioned as devisees of a portion of the farm, and although they are included in the general denomination of grand-children, yet they do not take as devisees by that description, but *eo nomine*, as the children of his step-daughter Margaret—being in fact so described. I mention this, because it has been urged by the counsel of Mr. Greenzebach (and the master seems to have been influenced by the same course of reasoning) that, as the testator has classed the children of his step-daughter and of his own daughters together as grand-children, and put them all on the same footing with respect to the real estate, it is plain he considered Margaret as one of his children; and that, therefore, when, in a subsequent clause of the will, he uses the

words " survivors of my children," he intended to include her as one. I think, however, no such inference or conclusion is warranted by the previous clause of the will, and that the true interpretation of it does not authorize the construction contended for by the defendant's counsel. Then, what is the meaning of the particular clause under consideration? for the whole question turns upon the fair legal construction of the terms which it employs. Here again, I may remark, the testator was as careful to distinguish between his children and his step-daughter, as in the previous parts of the will. He says, " in case of the death of any of my said children, or my said " step-daughter," &c.; thus mentioning his children and his step-daughter as different persons. If he intended the term " my children" should have embraced the step-daughter, it appears to me he would have used words fairly including her : as, for instance, he would have said " my children, in- " cluding my step-daughter," or terms of like import, showing he intended her as one of the persons designated by the description of " my children," and not a separate person.

But there is a still stronger reason why Margaret cannot be considered as included; and it is this:—he has, by the clause in question, provided for the happening of distinct events or contingencies: thus, upon the death of any of his said children without issue, or the death of his step-daughter Margaret without issue, the share of the estate which would have gone to such issue, (meaning the respective issue of his children and step-daughter,) is limited over—but to whom? not to the survivors of his children and step-daughter, nor to the latter in case she should be the last survivor; but, to the survivors of his children only, dropping the step-daughter and making no further mention of her in this part of the will.

I consider it perfectly clear that the testator did not intend to include her in the devise over. With respect to the grand-children mentioned in this part of the will, it can only mean those who are grand-children of the blood of the testator. The devise is in the alternative: "to be divided equally among the " survivors of my children or grand-children in the same pro- " portions as hereinbefore mentioned." The meaning of which

1831.

BARNES ·
v.
GREENZE-
BACH.

is, that if any one of his own children dies—not without issue, but leaving issue—such issue shall take, in right of representation, the share which their deceased parent would have been entitled to as a survivor. But this does not include the children of Margaret; for, according to my construction of the will and the law of this case, they no where answer the description of grand-children, so as to entitle them to take in that relationship, any further than the testator has expressly devised or bequeathed to them under the designation of children of his step-daughter Margaret.

Upon the whole of this case, I am of opinion the exception to the report of the master is well taken.

An order must be entered, referring it back to the master to correct his report, by disallowing to the step-daughter Margaret and her children any part or portion of the estate which was devised to Barbara and as the same, upon the death of the latter without issue, passed to and became vested in the surviving children or grand-children of the testator.